**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ABDALLAH GENDIA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 2:20-cv-01104-WB |
| | : | |
| DREXEL UNIVERSITY, | : | |
| | : | |
| Defendant. | : | |

**DREXEL UNIVERSITY'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

**INTRODUCTION**

Plaintiff's Opposition Memorandum makes two arguments to avoid dismissal of the Complaint, none of which holds water. First, Plaintiff claims that the district court decision in *Saravanan v. Drexel Univ.*, No. 17-3409, 2017 U.S. Dist. LEXIS 193925 (E.D. Pa. Nov. 24, 2017) supports his erroneous outcome claim. But the allegations in *Saravanan* are nothing like those here, and do not help Plaintiff. Second, Plaintiff claims that he and Roe received different sanctions for their (different) conduct, and that this is evidence of gender bias in support of his selective enforcement claim. But Plaintiff and Roe were not remotely similarly situated, and the fact that they were not treated precisely the same given their differing circumstances is not evidence of gender bias. The Complaint should be dismissed.

**ARGUMENT**

**I. Plaintiff Has Not Adequately Alleged Violations of Title IX.**

**A. Plaintiff's Erroneous Outcome Claim Fails.**

Plaintiff's Opposition Memorandum relies almost entirely on one case, *Saravanan v. Drexel University*, to support his erroneous outcome claim. *See* Opp. Memo at 9-12. However, Plaintiff's Complaint and the complaint pled in *Saravanan* are materially different,

Gendia's complaint lacks any allegations of specific statements suggesting gender bias, and thus *Saravanan* is not instructive.

Plaintiff focuses on the fact that Mr. Saravanan cited to a supposed Drexel document titled "Date Rape/Acquaintance Rape" as well as other supposedly biased "staff training materials" in his Complaint, and Gendia has mimicked those (inaccurate) allegations in his complaint here. But it was not these alleged materials *alone* that "evidenced" gender bias in *Saravanan*. Instead, the *Saravanan* amended complaint alleged multiple statements made by Drexel University officials that (while false) arguably suggested that Drexel administrators disbelieved his claim because he was a man.

For example, the *Saravanan* plaintiff alleged that Drexel University officials stated that the plaintiff's rape claim was "ludicrous" and told him and his attorney she had "never heard of a woman raping a man." *Saravanan*, 2017 U.S. Dist. LEXIS 193925 at *11. Another official allegedly stated "I have never heard of a female raping a male." *Id.* That same official also allegedly stated "I've been doing this for thirty years and I've never heard of a guy his age being so scared of a girl." *Id.* at *12. The *Saravanan* court makes clear that the plaintiff's erroneous outcome claim survived Drexel's motion to dismiss based on these statements, taken together with other allegations:

> ***Mr. Saravanan's allegations taken together*** indicate a possible culture of gender bias against males claiming sexual assault by females. Similar to the university in Doe, where the court concluded the plaintiff's ***allegations of gender bias by the university's staff taken together*** plead a Title IX erroneous outcome claim, Mr. Saravanan's allegations of the staff's statements and alleged response to his claims against J.K. indicate Drexel's gender bias against Mr. Saravanan claiming sexual assault against a female.

*Id.* at *14.

Unlike *Saravanan*, Gendia pleads no statements by administrators suggesting they took any action because Plaintiff is a man.[1]  Simply because Plaintiff cited the same alleged "Date/Acquaintance Rape" publication in this case as was cited several years ago in *Saravanan* does not mean that Plaintiff has alleged "particular circumstances suggesting that gender bias was a motivating factor behind the erroneous finding" in *his* case.  *Saravanan*, 2017 U.S. Dist. LEXIS 193925, at *9.  Rather, Plaintiff at a minimum also would need to allege similar statements by Drexel officials that actually relate to gender.  *See* Def. Br. at 8-13.  He alleges none.

*Doe v. Princeton University*, cited in Drexel's Brief, which was affirmed by the Third Circuit (albeit in an unpublished decision), is far closer to the facts presented here than is *Saravanan*.  790 F. App'x 379, 383 (3d Cir. 2019).  The *Princeton* plaintiff, like Mr. Gendia, pleaded allegations that were too "generalized" and "conclusory."  *Princeton*, 790 F. App'x at 383.  The "generalized" and "conclusory" allegations the Third Circuit cites – *e.g.*, "Princeton also does not believe male students can be victims" and that Plaintiff "would not have been subject to Princeton's discriminatory acts if he were a female victim" – are nearly identical to the generalized and conclusory allegations in Mr. Gendia's Complaint.  *See*, *e.g.*, Compl. at ¶ 65(c) (Drexel "maintain[ed] an investigatory and adjudicatory system that favors female students at the expense of male students"); ¶ 67 ("Drexel's Title IX training materials for taking reports and carrying out investigations on campus sexual assault inherently portray women as the victim of men").

---

[1] The only specific statement Plaintiff cites in his Complaint comes from Drexel's investigator, Jenna Perez.  However, the statement, that Perez "believed Roe and Gendia would be responsible for disproving the allegations against him if he was to avoid discipline," Compl. ¶ 60, does not demonstrate that Perez was biased against Gendia because of his gender.  In fact, it does not even reference gender, unlike the *Saravanan* statements.  As set forth in Defendant's Brief, there are only four allegations asserted by Plaintiff in its Complaint that in any way relate to gender at all, *see* Def. Br. at 9, and none involve specific, non-conclusory statements made by named Drexel officials to Plaintiff during the investigation or adjudication of the cross-claims.

Further, the Third Circuit stated that the *Princeton* plaintiff's allegation that Princeton has a "history of complaints regarding its mishandling of reports of sexual assault" was not enough to plead a Title IX violation because he did not allege that the mishandling involved "anti-male bias." *Princeton*, 790 F. App'x at 383-84.  Instead, the Princeton plaintiff listed "grievances about how the process was conducted and how he was treated" without pleading "facts indicating that any of this alleged unfavorable treatment *was due to his sex*." *Id.* at 384 (emphasis added).  Plaintiff's Complaint in this case similarly (i) does not allege any particular mishandling involving anti-male bias and (ii) pleads generalized grievances about the investigation and adjudication without pleading facts indicating this was due to his sex.

For example, Plaintiff again emphasizes that "plaintiff could not fully participate and defend himself because of the pending criminal charges against him" and that "the parties were not permitted to cross-examine witness and were deprived of the opportunity to test the credibility of witnesses." Pl. Br. at 11.  These examples are exactly the type of generalized grievances the Third Circuit rejected in *Princeton*, which are unrelated to gender.  790 F. App'x at 382 (discussing grievances alleged by plaintiff, which included not interviewing all of plaintiff's witnesses).[2]

---

[2] In Drexel's opening brief, it cited to the district court opinion in *Doe v. University of the Sciences.*, No. 19-358, 2019 U.S. Dist. LEXIS 125592 (E.D. Pa. July 29, 2019).  On May 29, 2020, the Third Circuit reversed the district court's opinion.  *Doe v. Univ. of the Scis.*, No. 19-2966, 2020 U.S. App. LEXIS 17123 (3d Cir. May 29, 2020).  But the Third Circuit's decision focused on issues that are not present here – allegations of pressure by the federal government, *id.* at *12-13, and an allegation that the defendant in that case took no disciplinary action at all against other students accused of the same conduct, *id.* at *14.  Plaintiff here does not offer any allegations about pressure which, in any event, would not alone be sufficient.  *Id.* at *13 ("Like our colleagues on the Sixth and Seventh Circuits, we also recognize that allegations about pressure from DoEd and the 2011 Dear Colleague Letter cannot alone support a plausible claim of Title IX sex discrimination.").  And unlike *University of the Sciences*, Drexel did take disciplinary action against Mary Roe, but the differing sanctions that were imposed are hardly surprising given the differing conduct that was at issue.  To the extent *University of the Sciences* suggests that courts should focus on the question of whether the complaint plausibly pleads gender bias as opposed to separate categories of a Title IX claim, Drexel acknowledged in its opening brief that each of the four theories articulated by other courts require a showing that the school's actions were motivated by gender bias.  *Id.* at *12 ("Thus, we adopt the Seventh Circuit's straightforward pleading standard and hold that, to state a claim under Title IX, the alleged facts, if

**B.     Plaintiff's Selective Enforcement Claim Fails.**

Like its erroneous outcome claim, Plaintiff's selective enforcement claim also fails.  Notably, Plaintiff does not cite to a single case (nor address the cases cited by Drexel in its Brief) to support its selective enforcement argument.  In fact, none of the allegations in the complaint plausibly suggest gender bias based on the school's treatment of Mary Roe.

First, Plaintiff emphasizes the fact that Drexel investigated Roe's claims while Plaintiff was under criminal investigation to support his selective enforcement claim.  Plaintiff, however, cites nothing to suggest this was improper or that schools are required to indefinitely postpone a disciplinary process while a criminal process plays out.  More importantly, Plaintiff does not allege any facts that plausibly suggest that the decision to pursue the internal process while Plaintiff was under criminal investigation was because of gender bias against Gendia.

As to the supposed "disparity in penalties" imposed on Plaintiff and Roe, Plaintiff fails plausibly to allege why this was the result of gender-bias.  Plaintiff's Opposition Memorandum focuses on the February 24th incident but conveniently ignores the fact that there were prior incidents between Plaintiff and Roe, including the August 2017 incident where Plaintiff was alleged to have choked Roe.  *See* Compl. at ¶ 18-27.  It is not accurate to say that "[i]t is beyond any meaningful dispute that the incident which set this process in motion was the February 24, 2018 encounter."  Pl. Opp. Memo at 13.  Drexel investigated and held a hearing based on all *three* incidents cited by both Plaintiff and Roe in their cross-complaints.  Based on this investigation and adjudication, Plaintiff and Roe were found guilty of *different* misconduct and thus *different* punishment was imposed.

---

true, must support a plausible inference that a federally-funded college or university discriminated against a person on the basis of sex.").

Nor were the incidents of February 24th the same.  Plaintiff complains that "there clearly was mutual violence with plaintiff being ultimately being more severely punished for being successful and Roe getting a pass for attempting violence but failing."  Opp. Memo at 13. Attempting to hit someone is very different than punching someone in the head with a pair of keys, resulting in hospitalization and criminal charges being filed.  And further, Roe admitted her misconduct, which is taken into account under Drexel's policy when determining appropriate sanctioning.  Given the multiple incidents of violence by Plaintiff, the differing levels of misconduct on the night of February 24th, and the fact that Plaintiff admitted to her own actions, there is absolutely nothing comparable about Plaintiff and Roe's situation.

## CONCLUSION

For the reasons discussed above and in Drexel University's opening brief, the Court should grant the motion to dismiss.

Respectfully submitted,

Dated: June 2, 2020

*/s/ Michael E. Baughman*
Michael E. Baughman, Esq.
Mia S. Rosati, Esq.
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000
baughmam@pepperlaw.com
*Attorneys for Drexel University*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on June 2, 2020, I filed the foregoing Reply Brief in Support of

Motion to Dismiss through the Court's Electronic Case Filing (ECF) system.


*<u>/s/ Michael E. Baughman</u>*
Michael E. Baughman, Esq.